**\*\*E-filed 3/29/11\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

RONALD BUTLER,

        Plaintiff,

v.

GREG LEWIS, Warden,
Pelican Bay State Prison

        Defendant.

No. C 11-0140 RS

**ORDER REQUIRING ELECTION**

---

This is a federal habeas corpus action filed by a state prisoner pursuant to 28 U.S.C. § 2254. The petition acknowledges that petitioner has not exhausted his state remedies as to three of the eight claims presented. Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515–16 (1982). In fact, a federal district court may not grant the writ unless state court remedies are exhausted or

there is either "an absence of available state corrective process" or such process has been "rendered ineffective." See 28 U.S.C. § 2254(b)(1)(A)– (B). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. See *Lundy*, 455 U.S. at 510.

Petitioner has three choices. Petitioner can opt to (1) dismiss the petition and return to state court to exhaust the unexhausted claim; (2) proceed with the exhausted claims only; or (3) move to stay the petition, exhaust the unexhausted claims and then move to amend the stayed petition to add the exhausted claim. See *Ford v. Hubbard*, 305 F.3d 875, 882–86 (9th Cir. 2002). Petitioner must inform the Court of his choice in writing within 30 days from the date of this order. Failure to inform the Court by such date will result in dismissal of the action without further notice to petitioner.

If he chooses option (1), to dismiss this case and return later with a completely exhausted petition, the new petition may be barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state collateral review (such as a state habeas petition) is pending is excluded from the one-year time limit. *Id*. § 2244(d)(2). Petitioner is reminded that the time a federal petition, such as this one, is pending is not excluded from the one-year limit. *Duncan v. Walker*, 121 S. Ct. 2120, 2129 (2001).

Petitioner is warned that if he chooses option (2), to proceed now with his exhausted claims only, a subsequent petition directed to the same conviction (for instance, attempting to raise the now-unexhausted claim) may be barred as second or successive or abusive. See 28 U.S.C. § 2244(b)(1). He also would have to obtain permission from the Ninth Circuit Court of Appeals in order to file such a second petition. See 28 U.S.C. § 2244(b)(3)(A).

If he chooses option (3), Petitioner must act diligently to file in the California Supreme Court and to obtain a decision from the California Supreme Court on his unexhausted claim. Petitioner would also be required to notify this Court within thirty days of the California Supreme Court's final decision on his unexhausted claims. In order to qualify for a stay, he must also show good cause for why this claim was not previously exhausted and that it is "potentially meritorious" under *Rhines v. Webber*, 544 U.S. 269 (2005). While it appears that Petitioner may intend to

proceed under this option, his request that this petition be held "in abeyance" must be presented by a motion supported by the requisite factual and legal showing.

IT IS SO ORDERED.

Dated: 3/29/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE