**\*\*E-filed 5/10/11\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

RONALD BUTLER,

        Plaintiff,

  v.

GREG LEWIS, Warden,
Pelican Bay State Prison

        Defendant.
_____/

No. C 11-0140 RS

**ORDER REQUIRING ELECTION**

        This is a federal habeas corpus action filed by a state prisoner pursuant to 28 U.S.C. § 2254. The petition acknowledges that petitioner has not exhausted his state remedies as to three of the eight claims presented. In response to an order requiring him to elect among (1) dismissing the petition pending exhaustion; (2) proceeding with the exhausted claims only; or (3) moving to stay the petition, pending exhaustion, Petitioner has sought a stay.

        As explained in *Rhines v. Webber*, 544 U.S. 269 (2005), a stay is appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court, the claims are not meritless, and there are no intentionally dilatory litigation tactics by

the petitioner. 544 U.S. at 277–78. If the stay is granted, the petitioner does not have to worry that his newly-exhausted claims will be barred by the statute of limitations because those claims remain pending in federal court. *King v. Ryan*, 564 F.3d 1133, 1139, 1140. (9th Cir. 2009).

Here, Petitioner has adequately shown cause for his failure to exhaust the claims in issue, in that they arise from alleged ineffective assistance of state-appointed counsel on direct appeal. As Petitioner has also shown that the claims are not meritless for purposes of evaluating a motion for stay, and that there is no indication of dilatory tactics or motives, his motion to stay is granted. Nothing further will take place in this action absent order of the Court, or until Petitioner exhausts the unexhausted claims and, within thirty days of doing so, moves to reopen this action, and lift the stay.[1] For the foregoing reasons, the above-titled action is hereby stayed until Petitioner files a motion to reopen as described above. The Clerk shall administratively close the file, and terminate Docket No. 3.

IT IS SO ORDERED.

Dated: 5/10/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[1] For clarification, it was not the intent of the order requiring Petitioner to make an election to prescribe a particular procedure for exhausting his claims in state court.